IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLARENCE WOOD, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Civil Action No. 17-cv-06348 |
| v. ) | |
| ) | |
| NORTHLAND GROUP, ) | |
| ) | |
| ) | Jury Demanded |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Clarence Wood, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 452/2 ("ICAA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331, and pursuant to 28 U.S.C. § 1367 as to Plaintiff's state law claim(s).

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any false statements and false threats. *E.g. Genova v. IC Sys., Inc.*, No. CV 16-5621, 2017 WL 2289289, at *3 (D.N.J. May 25, 2017).

5. Plaintiff has thus suffered an injury as a result of Defendants' conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, Clarence Wood ("Plaintiff"), is a resident of the State of Illinois, from who Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Citibank consumer credit card account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7. Defendant Northland Group ("Northland") is a Minnesota corporation that does or transacts business in Illinois. Its principal place of business is 7831 Glennroy Road, Suite 250, Edina, Minnesota 55439. Its registered agent and office is C T Corporation System at 208 SO LaSalle Street, Suite 814, Chicago, Illinois 60604. (Exhibit A, Record from Illinois Secretary of State).

8. Northland is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts due or asserted to be due another.

9. Defendant Northland holds a collection agency license from the State of Illinois. (Exhibit B, Record from the Illinois Department of Financial and Professional Responsibility).

10. Defendant Northland is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

11. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a Citibank consumer credit card account with an account number ending in 9768 ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(6) of the FDCPA.

12. Due to his financial circumstances, Plaintiff could not pay any debts, and the alleged debt went into default.

13. Citibank subsequently charged off the alleged debt.

14. Citibank ceased charging interest and late fees to Plaintiff at the time of the charge-off.

15. Citibank ceased sending statements to Plaintiff at the time of the charge-off.

16. Citibank has thus waived any right to collect interest on the alleged debt at the time of the charge-off.

17. Citibank subsequently retained Northland to collect the alleged debt.

18. On or about November 2, 2016, Northland sent the first of a series of collection letters ("November 2 Letter") to Plaintiff regarding the alleged debt. (Group Exhibit C, Collection Letters).

19. The November 2 Letter conveyed information regarding the alleged debt, including the identity of the original creditor, and a current balance on the alleged debt.

20. The Letter was thus a communication as that term is defined at §1692a(2) of the FDCPA.

21. The Letter states, in part:

   **As of the date of this letter, the balance due on the account is $4,732.91. Because of adjustments that may vary from day to day, the amount due on this account may be different after the date of this letter.**

22. Northland's client was not authorized to add interest to Plaintiff's account when the Letter was sent.

23. Northland's client similarly was not authorized to add late charges or other charges to Plaintiff's account because the account had already been charged off, and such charges are not permitted by law.

24. It is false for a debt collection letter to imply that the amount might vary when there is no circumstance under which interest, late charges or other charges can be assessed. *Safdieh v. P & B Capital Grp., LLC*, No. CIV.A. 14-3947 FLW), 2015 WL 2226203, at *4 (D.N.J. May 12, 2015).

25. It is improper under the FDCPA to imply that certain outcomes might befall a delinquent debtor when, legally, those outcomes cannot come to pass. *See Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir.2012).

26. 15 U.S.C. § 1692e of the FDCPA provides as follows:

   **False or misleading representations**

   **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

   **. . . (2) The false representation of—**

   **(A) the character, amount, or legal status of any debt; or…**

   **. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken…**

> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

27. Northland misrepresented the character of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(a), when it falsely stated that interest and other charges might accrue on the account.

28. Northland threatened to take an action that cannot legally be taken, in violation of 15 U.S.C. §1692e(5), when it threatened to add interest, late charges and other charges to the alleged debt.

29. When a debt collector tries to collect interest, late charges or other charges that a creditor had waived, the debt collector violates § 1692e(2)(A). *McDonald v. Asset Acceptance LLC*, 11 C 13080, 296 F.R.D. 513, 2013 U.S. Dist. LEXIS 110829 at *9 (E.D. Mich. Aug. 7, 2013); *Simkus v. Cavalry Portfolio Servs., LLC*, 12 F. Supp. 3d 1103, 1109 (N.D. Ill. 2014). See 12. C.F.R. §226.5(b)(2)(i).

30. Further, Northland never intended to add any interest, late charges or other charges to Plaintiff's account.

31. Northland sent a series of letters after the November 2 in which the balance on the alleged debt was not adjusted. (Group Exhibit C, Collection Letters).

32. To date, Northland's client, Citibank, has added no such charges to the alleged debt, and Northland has not attempted to collect any additional amounts on the alleged debt.

33. Northland's threat that the balance could increase was false.

34. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken…**

35. Northland threatened an action it and its client did not intend to take, in violation of 15 U.S.C. §1692e(5), when it threatened to add late charges, interest and other charges to the balance of an alleged debt.

36. 225 ILCS 425/9 of the ICAA prohibits the following:

> **. . . (24) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . .**
>
> **. . . (33) Collecting or attempting to collect any interest or other charge or fee in excess of the actual debt unless such interest or other charge or fee is expressly authorized by the agreement creating the debt unless expressly authorized by law or unless in a commercial transaction such interest or other charge or fee is expressly authorized in a subsequent agreement. . . .**

37. Northland attempted to enforce a right to fees and interest to which they had no right, in violation of 225 ILCS 425/9 of the ICAA, when it threatened to collect interest, late charges or other charges.

38. Northland made this false threat in an attempt to coerce Plaintiff into paying the balance in full on the alleged debt by making Plaintiff afraid that if he did not pay now, or settle the account, that the balance would increase.

39. Plaintiff experienced negative emotions about Northland's threat that if he did not pay now, the balance may be adjusted, including generalized insult, annoyance, aggravation, and other garden variety emotional distress.

40. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## **COUNT I—FAIR DEBT COLLECTION PRACTICES ACT—**

41. Plaintiff re-alleges above paragraphs as set forth fully in this count.

42. Defendant misrepresented the character of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(a), when it falsely stated that interest and other charges may accrue on the account.

43. Northland threatened to take an action that cannot legally be taken, in violation of 15 U.S.C. §1692e(5), when it threatened to add interest, late charges and other charges to the alleged debt.

44. Northland threatened an action it and its client did not intend to take, in violation of 15 U.S.C. §1692e(5), when it threatened to add late charges, interest and other charges to the balance of an alleged debt.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendants as follows:

      A.    Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

      B.    Statutory damages from Defendant Northland pursuant to 15 U.S.C. §1692k(a)(2);

      C.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

      D.    Such other or further relief as the Court deems proper.

## COUNT II—ILLINOIS COLLECTION AGENCY ACT—

45. Northland attempted to enforce a right to fees and interest to which it had no right, in violation of 225 ILCS 425/9 of the ICAA when it threatened, by counsel, to collect interest, late charges or other charges.

WHEREFORE, Plaintiff asks that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

    A.    Compensatory and punitive damages;

    B.    Costs; and

    C.    Such other and further relief as is appropriate.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha C. Chatman
One of Plaintiff's Attorneys

Celetha Chatman
Michael Wood
Holly McCurdy
Sarah Barnes
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com